UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:23-cv-62198-RS

BEDABOX LLC D/B/A SHIPMONK, a
Florida Limited Liability Company

    Plaintiff,

v.

TROIS INVESTMENT INC.,
a North Carolina Company,

    Defendant.
_____/

## DEFENDANT TROIS INVESTMENT INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Trois Investment Inc. ("Trois"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff BedaBox LLC D/B/A ShipMonk's ("ShipMonk") Amended Complaint [Dkt. No. 14] states:

1. Admitted that ShipMonk is suing for breach of a Service Agreement entered on June 20, 2022, but denied that Trois breached such agreement or that ShipMonk is entitled to any relief.

2. Denied.

### Parties, Jurisdiction, and Venue

3. Without knowledge, therefore denied.

    4.    Without knowledge, therefore denied.

    5.    Admitted that Trois is a North Carolina corporation and that one or more of its officers and directors are citizens of North Carolina.

    6.    Admitted for jurisdictional purposes only.  Denied that ShipMonk is entitled to any relief.

    7.    Admitted for jurisdictional purposes only.  Denied that ShipMonk is entitled to any relief.

    8.    Admitted for jurisdictional purposes only.  Denied that ShipMonk is entitled to any relief.

    9.    Admitted for jurisdictional purposes only.  Denied that ShipMonk is entitled to any relief.

    10.    Admitted for jurisdictional purposes only.  Denied that ShipMonk is entitled to any relief.

    11.    Without knowledge, therefore denied.

## General Allegations

    12.    Admitted that ShipMonk provides warehousing or ecommerce fulfillment services.  Without knowledge as to the remainder, therefore denied.

    13.    Without knowledge, therefore denied.

    14.    Admitted.

15. Admitted with the exception that, because of the redactions in the Service Agreement, Trois lacks knowledge regarding whether Exhibit A is a true and correct copy of the 2022 Service Agreement.

16. The subject contract speaks for itself and the construction of a written contract is a legal conclusion to be made by the Court, therefore denied.

17. Admitted.

18. Admitted that in June 2022, after Trois launched its "Nina Project," more than two pallets worth of items went missing. The remainder of allegations are denied.

19. Admitted that Trois believed that Verified Inventory had been turned on for all SKUs in the ShipMonk system – and specifically for the Nina Project – and that Trois requested replacement value on all missing SKUs, but deny the remaining allegations for lack of knowledge.

20. Admitted that ShipMonk provided Trois with a credit of approximately $28,000 on or about September 28, 2022, but denied as to the remaining allegations.

21. Admitted.

22. Admitted that after the initiation of the Penny1 Project, Trois submitted various claims to ShipMonk and upon review provided credits to Trois of approximately $5,400, but denied as to the remaining allegations.

23. Denied because the allegations are vague.

24. Admitted

25. Denied because the email speaks for itself.

26. Denied.

27. Denied.

28. Denied because no payments are due from Trois to ShipMonk.

29. Admitted that Trois refused to remit payments because no payments are due under the Service Agreement and Trois disputes the invoices provided by ShipMonk.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT I – BREACH OF CONTRACT
**(Failure to Adhere to Paragraph 6.9 of the Service Agreement)**

34. Trois realleges paragraphs 1-33 above as if written herein.

35. Admitted that Shipmonk and Trois entered into a written contract on or about June 20, 2022; all other allegations denied.

36. Paragraph 36 speaks for itself, therefore denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

WHEREFORE, Trois requests dismissal of Count I of the Amended Complaint, for its reasonable attorney's fees and costs in defense thereof and for all other relief this Court deems just and equitable.

## COUNT II – BREACH OF CONTRACT
### (Failure to Remit Payment under the Services Agreement)

42. Trois realleges paragraphs 1-41 above as if written herein.

43. Admitted that Shipmonk and Trois entered into a written contract on or about June 20, 2022; all other allegations denied.

44. The Service Agreement speaks for itself and the construction of a written contract is a legal determination to be made by the Court, therefore denied.

45. Denied.

46. Denied.

47. Without knowledge, therefore denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

WHEREFORE, Trois requests dismissal of Count II of the Amended Complaint, for its reasonable attorney's fees and costs in defense thereof and for all other relief this Court deems just and equitable.

### COUNT III – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

52. Trois realleges paragraphs 1-51 above as if written herein.

53. Paragraph 53 is a legal conclusion to be made by the Court, therefore denied.

54. The Service Agreement speaks for itself, therefore denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

WHEREFORE, Trois requests dismissal of Count III of the Amended Complaint, for its reasonable attorney's fees and costs in defense thereof and for all other relief this Court deems just and equitable.

### COUNT IV – UNJUST ENRICHMENT (IN THE ALTERNATIVE)

59. Trois realleges paragraphs 1-58 above as if written herein.

60. There is a written contract between the parties covering the same subject matter as Count IV, therefore denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

WHEREFORE, Trois requests dismissal of Count IV of the Amended Complaint, for its reasonable attorney's fees and costs in defense thereof and for all other relief this Court deems just and equitable.

### COUNT V – OPEN ACCOUNT (IN THE ALTERNATIVE)

66. Trois realleges paragraphs 1-65 above as if written herein.

67. Admitted.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

WHEREFORE, Trois requests dismissal of Count V of the Amended Complaint, for its reasonable attorney's fees and costs in defense thereof and for all other relief this Court deems just and equitable.

### COUNT VI – OPEN ACCOUNT (IN THE ALTERNATIVE)

73. Trois realleges paragraphs 1-72 above as if written herein.

74. Denied because it is vague.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

WHEREFORE, Trois requests dismissal of Count VI of the Amended Complaint, for its reasonable attorney's fees and costs in defense thereof and for all other relief this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

ShipMonk's damages are barred because Trois duly canceled the subject agreements through the termination letter.

### Second Affirmative Defense

ShipMonk's damages are set off in proportion to the damages ShipMonk caused Trois due to ShipMonk's breaches of contract and lost shipments, causing Trois monetary and reputational damage.

### Third Affirmative Defense

ShipMonk's Amended Complaint constitutes an impermissible shotgun pleading, barring ShipMonk from relief absent an amended to ShipMonk's Amended Complaint that remedies the shotgun pleadings.

### Fourth Affirmative Defense

ShipMonk has an adequate remedy at law, therefore, all equity claims such as Unjust Enrichment are wholly barred.

### Fifth Affirmative Defense

ShipMonk failed to mitigate its damages and was aware the subject contract was terminated.  Therefore, ShipMonk's damages are barred.

### Sixth Affirmative Defense

ShipMonk's equitable claims, such as Unjust Enrichment, are barred by the doctrine of unclean hands.  ShipMonk lost Trois' shipments or otherwise failed to perform under the subject contract and failed to adhere by the subject contract upon Trois' duly submitted written termination of same.

### Seventh Affirmative Defense

ShipMonk fails to state a claim upon which relief can be granted.

### Eighth Affirmative Defense

ShipMonk's claims are barred by equitable estoppel.

### Ninth Affirmative Defense

ShipMonk's claims are barred by waiver.

### Tenth Affirmative Defense

ShipMonk's claims are barred by its lack of performance.

**Eleventh Affirmative Defense**

ShipMonk's claims are barred by the failure to satisfy one or more conditions precedent.

WHEREFORE, Trois requests this Court dismiss ShipMonk's Amended Complaint with prejudice, award Trois its reasonable attorneys' fees and costs, and any other relief this Court deems just and proper.

Respectfully Submitted,

*/s/Christopher D. Cathey*
Christopher D. Cathey
Florida Bar No.: 0663255
Taylor English Duma LLP
One Biscayne Tower
2 Biscayne Boulevard, Suite 2050
Miami, Florida  33131
Phone: (786) 840-1444
Fax: (770) 434-7376
ccathey@taylorenglish.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2024, a true and correct copy of the foregoing was furnished via the CM/ECF E-Portal which shall provide copies to all counsel of record.

*/s/Christopher D. Cathey*
Christopher D. Cathey