UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:23-cv-62198-RS

BEDABOX LLC D/B/A SHIPMONK, a
Florida Limited Liability Company

      Plaintiff,

v.

TROIS INVESTMENT INC., a North Carolina
company,

      Defendant.

_____/

## JOINT MOTION FOR ENTRY OF ORDER APPROVING STIPULATED CONFIDENTIALITY AGREEMENT

Plaintiff, BEDABOX LLC D/B/A SHIPMONK, ("ShipMonk" or "Plaintiff") and Defendant TROIS INVESTMENT INC. ("Trois" or "Defendant"), by and through their undersigned counsel, hereby stipulate to the following terms and conditions of this Stipulated Confidentiality Agreement ("Agreement"), and request that the Court enter an order approving and enforcing the parties' stipulated terms:

### Stipulated Confidentiality Agreement

1.    This Agreement governs the handling of "documents," "information," and "items of information" (as defined below) that are deemed confidential and that are produced in any and all fashions in connection with the above-captioned case.

2.    The following definitions apply to terms used in this Agreement:

(a)    "The case" or "this case" means and refers to the above-captioned action.

75132405;1

(b)     "Disclose" means to show, give, produce, transmit, make available, reproduce, communicate, process, paraphrase, summarize or excerpt, in whole or in part, by any means or medium.

(c)     "Documents" has the broadest meaning accorded it by the Federal Rules of Civil Procedure.

(d)     "Information" refers to and includes documents, interrogatory answers, testimony, and transcripts or any other information extracted therefrom, and any other form in which information may be produced.

(e)     "Items of information" refers to and includes portions of documents, portions of interrogatory answers, portions of testimony, and portions of transcripts.

(f)     "Material" or "materials" collectively means documents, items of information, and information, as those terms are defined above.

(g)     "Party" refers to each named party to this action and, except for an individual party, shall include, the party's respective agents, employees, officers and/or directors (including former agents, employees, officers and/or directors, as appropriate).

(h)     "Parties" collectively means each named party in the above-captioned case.

(i)     "Counsel" includes all attorneys of record and attorney members of the law firms of record representing the parties in this case, all in-house counsel and outside counsel engaged in connection with the case for such parties, and all law clerks, paralegal assistants, secretaries, stenographic and clerical employees thereof.

3.      This Agreement shall apply to those materials which are designated as "Confidential" by any person or party disclosing such materials.

4. Materials may be designated as "Confidential" by any person disclosing such materials if it is deemed, in good faith, that disclosure of any one of same would be harmful if disclosed to others because they contain (a) proprietary or sensitive financial, business or personal information, (b) trade secrets, or (c) information otherwise protected from public disclosure in accordance with applicable state or federal law (the "Confidential Material").

5. Nothing contained in this Agreement shall be construed to restrict the use or disclosure of Confidential Material by the party producing or designating such materials or to prevent any party from interposing an objection to a request for discovery.

6. Confidential Material may be used only for the purpose of this case and shall not be used for any other purpose. Confidential Material shall not be disclosed to anyone other than those listed in Paragraph 7 of this Agreement, unless the receiving party obtains prior written agreement from the producing party or this Court orders otherwise.

7. "Confidential Material" produced in this litigation shall not be disclosed, made available, or communicated, except to those persons identified below:

(a) The parties to this case, as defined herein;

(b) The Court and any appellate court reviewing a decision from this case, including court personnel, jurors and alternate jurors;

(c) Counsel for any party, as defined herein;

(d) Members of the legal, paralegal, secretarial or clerical staff of such counsel;

(e) Any person who was either an author or recipient of the materials in question prior to the intended disclosure in this case;

(f) Any witness at an interview, trial, hearing, or deposition in this matter, or in preparation therefore, where the disclosing counsel believes, in good faith, that showing the

3

75132405;1

materials to the witness will assist said counsel in the prosecution or defense of the claims in the case;

(g)     Litigation support personnel actively involved in the case, including information technology personnel, e-discovery vendors, court reporters, court videographers and copy vendors, whose services are necessary for the prosecution or defense of claims in the case;

(h)     Independent consultants, accountants, and/or experts (including their secretaries and other office employees) retained by any party for assistance in the prosecution or defense of claims in the case;

(i)     Private arbitrators and mediators involved in resolving disputes over claims in the case; and

(j)     Any insurer for any party and its attorneys (including secretaries and other office employees).

8.     Any person to whom delivery, exhibition, or disclosure of any materials designated "Confidential" is made shall be advised of and shall comply with the terms of this Agreement. Such persons hereby agree to the restrictions imposed by this Agreement and agree to submit his or her person to the jurisdiction of the above-titled Court for the limited purpose of securing compliance with the terms of this Agreement.

9.     Moreover, before any materials designated "Confidential" is disclosed to any person or entity under Paragraphs 7(f)-(h), each such person or entity shall be given a copy of this Agreement and shall execute a copy of the form attached hereto as **Exhibit A**. A copy of the executed Exhibit A shall be retained by counsel for the party disclosing Confidential Material to such person or entity, and shall provide a copy of the executed Exhibit A to any other party upon request.

10. The designation of materials as "Confidential" may be made by placing or affixing to every page containing the confidential information in question (without interfering with the legibility thereof) to which the designation applies, the legend "CONFIDENTIAL." Material being produced in native format to which the designation applies may contain the legend "CONFIDENTIAL" in the file name and/or overlay data. Any page of a document or material so designated, and the information contained on such page shall be deemed to be confidential and, therefore, protected under the terms of this Agreement unless the party designating the material clearly indicates thereon that only a portion of the page or material is to be treated as confidential or unless the designation is successfully challenged by obtaining an Order from the Court determining that the document, information, or items of information is not confidential within the meaning of this Agreement.

11. Where a deposition involves the disclosure of Confidential Material, any party may, within thirty (30) days following receipt of the deposition transcript, inform all other parties and the court reporter that certain portions of the transcript should be designated "Confidential." This thirty-day (30) period may be extended by agreement of the parties. During this period, the deposition transcript shall only be disclosed to the deponent and those individuals listed in Paragraph 7 above, as necessary. Upon being informed portions of a deposition are to be designated "Confidential," all parties shall immediately and appropriately so mark each transcript copy in their custody/control.

12. If counsel for a party (or parties) intends to show or reveal to a person not described in Paragraph 7 any information contained in materials designated "Confidential" hereunder then counsel shall contact opposing counsel to seek advance permission for such disclosure. Counsel will attempt in good faith to work with one another to resolve any differences. If counsel for the

parties cannot reach agreement on the proposed disclosure, then counsel shall present the matter to the Court pursuant to the procedures described in Paragraph 15. If disclosure ultimately is made to a person not described in Paragraph 7, such disclosure will be made only in accordance with the terms of this Agreement and any applicable Order.

13. If counsel for any party intends to file with the Court any materials that are designated as "Confidential" then counsel shall promptly notify the Court that counsel intends to use Confidential Material and file such materials under seal in accordance with the requirements of Local Rule 5.4 of the Local Rules promulgated by the United States District Court for the Southern District of Florida. In the event that the Court does not permit the filing under seal of the materials designated as "Confidential," and the materials are publicly filed, the party designating the materials as "Confidential" reserves its right to continue to assert that the materials are confidential elsewhere.

14. To the extent counsel for any party desires to use materials designated as "Confidential" in open court in this case, counsel will contact counsel for the opposing party in a good faith attempt to work with each other to determine a mutually acceptable method of preserving confidentiality. If counsel for the parties cannot reach agreement on the proposed use, then counsel shall present the matter to the Court where the case is pending for further resolution pursuant to the procedures described in Paragraph 15.

15. If counsel for a party (or parties) believes that materials designated "Confidential" by an opposing party does not warrant such designation, it shall serve written notice on counsel for the opposing party of its objection to such "Confidential" designation. The written notice shall identify the Confidential Material and the basis upon which the objection is made. The opposing counsel must respond, in writing, to the written notice challenging such "Confidential"

designation(s) within ten (10) days, advising whether they will change the designation or providing the basis for not changing the designation. Counsel for the parties shall make a good faith effort to resolve such dispute without Court intervention. In the event that such a dispute cannot be resolved by the parties within thirty (30) days after the time the opposing counsel's written response is received, the party (or parties) who designated the material as "Confidential" shall file and serve a motion that identifies the challenged Confidential Material (without publicly disclosing the contents of the Confidential Material) and explains the challenge made to the designation and sets forth in detail the basis supporting the Confidential designation. The Confidential Material will be treated as confidential until ruled upon by the Court. The burden rests upon the party seeking confidentiality to demonstrate that such designation is proper.

16. All materials that were produced or otherwise disclosed by any party to an opposing party, after the parties' execution of this Agreement but prior to its entry by the Court, and that was designated as "Confidential" at the time of or within thirty (30) days of production, is subject to the terms and conditions of this Agreement as if entered by the Court. Disclosure of Confidential Material prior to such designation, if known, shall be reported to the party designating the material "Confidential" immediately following such designation.

17. Nothing contained in this Agreement and no action taken pursuant to this Agreement shall prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of materials designated "Confidential."

18. Nothing in this Agreement shall prevent the parties from agreeing to amend this Agreement, or prevent any party from moving for an amendment of this Agreement, either during or after the conclusion of this case, or shall prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of materials as that party may consider appropriate.

19. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not be deemed a waiver, in whole or in part, of a party's claims of confidentiality as to the materials. The failure of any party hereto to enforce at any time any provision of this Agreement shall not be construed as a waiver of such provision, nor be construed to affect the validity of this Agreement or the right of any party thereafter to enforce each and every provision of this Agreement.  No waiver of any violation of this Agreement shall be held to constitute a waiver of any other violation. The inadvertent failure to designate material as "Confidential" may be corrected at any time by supplemental written notice to the party to whom the Confidential Material has been produced that such document or information is confidential and subject to the terms of this Agreement.

20. Upon written request of the producing or designating party after final termination of the case, including the expiration of time for any appeal, all materials designated as "Confidential" including any copies thereof, shall be returned to the producing party or destroyed (and each person to whom such materials has been furnished or disclosed shall be obligated to return or destroy same, including all copies), within thirty (30) days, and each party that received such Confidential Material shall certify to counsel for the producing or designating party that such return or destruction has occurred. However, the parties have agreed that counsel of record may retain: (a) attorney or consultant work-product referring to or containing Confidential Material; and (b) copies of any pleadings, motions, briefs, declarations, affidavits, expert reports and deposition transcripts that contain, attach, or append materials designated "Confidential;" but only to the extent necessary to preserve a file with respect to this case.  Expert witnesses may similarly retain copies of their reports for archival purposes only. Any retained Confidential Material shall continue to be treated as "Confidential" pursuant to the terms of this Agreement.

21. The Agreement shall survive the final termination of the case, with the Court retaining jurisdiction to enforce the terms hereunder, and impose sanctions for any violations found.

**WHEREFORE**, the parties hereby jointly request that the Court enter an Order (i) approving the parties' Stipulated Confidentiality Agreement; (ii) requiring the parties to abide by the terms of the above Agreement; and (iii) retaining jurisdiction to enforce the terms of the Agreement.

DATED:  February 27, 2024                                        Respectfully submitted,

| | |
|---|---|
| */s/ Nicole Villamar* | */s/ Christopher D. Cathey* |
| Nicole Villamar, Esq. | Christopher D. Cathey |
| Florida Bar Number: 1010639 | Florida Bar No. 0663255 |
| Email:  nicole.villamar@akerman.com | Catrina H. Markwalter |
| Email: Wendy.Gonzalez@akerman.com | Florida Bar No. 71999 |
| **AKERMAN LLP** | **TAYLOR ENGLISH DUMA, LLP** |
| 201 E. Las Olas Boulevard, Suite 1800 | One Biscayne Tower |
| Fort Lauderdale, FL  33301 | 2 Biscayne Blvd, Suite 2050 |
| Phone:  (954) 463-2700 | Miami, FL 33131 |
| Fax:  (954) 463-2224 | Phone: (786) 840-1444 |
| | Fax: (770) 434-7376 |
| *Counsel for Plaintiff* | cmarkwalter@taylorenglish.com |
| | ccathey@taylorenglish.com |
| | *Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve an electronic copy to all counsel of record.

*/s/ Nicole Villamar*
Nicole Villamar, Esq.

# EXHIBIT A

75132405;1

# AGREEMENT TO BE BOUND BY THE
# STIPULATED CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that: (a) I have read the foregoing Stipulated Confidentiality Agreement (the "Agreement") which I am informed has been entered in the case presently styled BEDABOX LLC D/B/A SHIPMONK, v. TROIS INVESTMENT INC., Case No. 00:23-cv-62198-RS, pending in the United States District Court for the Southern District of Florida; (b) I understand the terms of the Agreement; (c) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by such terms; and (d) I irrevocably submit my person to the jurisdiction of the above-identified Court for the purpose of securing compliance with the terms and conditions of the Agreement.

DATE: _____    _____
                                   SIGNATURE

                                   _____
                                   PRINTED NAME

75132405;1